# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 18-cr-176 (WMW/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Michael Carlos Mitchell, | |
| Defendant. | |

Manda M. Sertich, Assistant United States Attorney, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis MN 55415 (for the Government); and

Jill A. Brisbois, Caplan & Tamburino, 10 South Fifth Street, Suite 525, Minneapolis MN 55402 (for Defendant Michael Carlos Mitchell).

This matter is before the Court, United States Magistrate Judge Tony N. Leung, following a hearing held September 7, 2018, (ECF No. 32), on the following motions:

1. The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2, (ECF No. 13);

2. Defendant's Motion for Notice of Government's Intent to Use Residual Hearsay Exception Under Rule 807, (ECF No. 20);

3. Defendant's Motion for Discovery and Inspection, (ECF No. 21);

4. Defendant's Pretrial Motion for Disclosure of 404(b) Evidence, (ECF No. 22);

5. Defendant's Pretrial Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant, (ECF No. 23);

6. Defendant's Motion for Discovery of Expert Under Rule 16(a)(1)(G), (ECF No. 24);

7. Defendant's Pretrial Motion for Disclosure of Results and Reports of Computer Forensic Testing, (ECF No. 25); and

8. Defendant's Motion for Early Disclosure of Jencks Act Material, (ECF No. 26).

Based upon the record, memoranda, oral arguments of counsel, and the agreement of the parties as noted at the hearing and in their respective filings, **IT IS HEREBY ORDERED** as follows:

1. The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2, (ECF No. 13), is **GRANTED** as follows: The Government moves for evidence pursuant to Fed. R. Crim. P. 12.1, 12.2, 12.3, 16, and 26.2. At the hearing, Defendant had no objection to the motion. Therefore, the Government's motion is granted; Defendant shall comply with his obligations under the Federal Rules of Criminal Procedure.

2. Defendant's Motion for Notice of Government's Intent to Use Residual Hearsay Exception Under Rule 807, (ECF No. 20), is **GRANTED** as follows: Defendant moves for notice of any statement the Government intends to introduce at trial pursuant to Federal Rule of Evidence 807 that is not specifically covered by the hearsay exceptions set forth in Rules 803 and 804. The Government, in its response and at the hearing, agreed to provide the notice requested by Defendant no later than 14 days before trial. At the hearing, Defendant agreed with the 14-day deadline. Therefore, the Government shall

provide notice of any such evidence it intends to offer pursuant to Rule 807, including information pertaining to the declarant, no later than 14 days before trial.

3. Defendant's Motion for Discovery and Inspection, (ECF No. 21), is **GRANTED** as follows: Defendant notes that the Government has provided some discovery, but some may remain to be disclosed. Defendant moves for production of: his statements; his criminal record; inspection and copying of physical evidence and documents; and inspection and copying of the results of tests or examinations. The Government responds that it has already provided discovery pursuant to Fed. R. Crim. P. 16(a)(1)(A)–(F), and that it is aware of its ongoing obligations to disclose discovery. Therefore, Defendant's motion is granted to the extent it seeks evidence within the scope of Fed. R. Crim. P. 16. *See United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000) ("Criminal defendants do not have a general constitutional right to discovery. In most circumstances, then, a defendant must point to a statute, rule of criminal procedure, or other entitlement to obtain discovery from the government") (citing *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977)).

4. Defendant's Pretrial Motion for Disclosure of 404(b) Evidence, (ECF No. 22), is **GRANTED** as follows: Defendant requests that the Government "disclose any 'bad act' or 'similar course of conduct' evidence it intends to offer at trial pursuant to Rule 404 of the Federal Rules of Evidence." The Government indicates it is aware of its obligations under Rule 404 and proposes a deadline of two weeks prior to trial for Rule 404(b) disclosures. At the hearing, Defendant had no objection to the two-week deadline.

Rule 404(b) requires the Government to provide reasonable notice before trial when evidence of a crime, wrong, or other act will be used to "prov[e] motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). "Rule 404(b) . . . applies to the admission of wrongful-act evidence that is extrinsic to the charged offense; the rule does not prevent admission of other wrongful conduct that is intrinsic to the charged offense." *United States v. Ruiz-Chavez*, 612 F.3d 983, 988 (8th Cir. 2010) (citations omitted). "Evidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing the context in which the charged crime occurred." *United States v. Johnson*, 463 F.3d 803, 808 (8th Cir. 2006) (citation omitted).

Therefore, no later than 14 days prior to trial, the Government shall provide reasonable notice of all extrinsic evidence then known to the Government that it intends to offer at trial within the purview of Fed. R. Evid. 404(b). If the Government subsequently discovers additional extrinsic evidence, it shall provide reasonable notice of such evidence as soon as practicable after such discovery.

5. Defendant's Pretrial Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant, (ECF No. 23), is **GRANTED IN PART and DENIED IN PART** as follows: Defendant seeks favorable evidence pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny. The Government indicates it has complied with its obligations under these authorities and will continue to comply. Therefore, the Government shall comply fully with its obligations under *Brady*, *Giglio*, and their progeny and disclose all exculpatory

and impeachment evidence. To the extent that Defendant's motion seeks discovery and disclosures outside the Government's obligations under these authorities or one of the Rules, it is denied. *See Johnson*, 228 F.3d at 924 (citing *Weatherford*, 429 U.S. at 559).

6. Defendant's Motion for Discovery of Expert Under Rule 16(a)(1)(G), (ECF No. 24), is **GRANTED** as follows: Defendant moves for disclosure of expert testimony, and a summary thereof, that the Government intends to use at trial. The Government indicates it is aware of its obligations under Rule 16 and suggests a deadline for disclosure of two weeks before trial. At the hearing, Defendant agreed with the two-week deadline. Therefore, the Government shall disclose its experts and a summary of their testimony no later than two weeks before trial. *See* Fed. R. Crim. P. 16(a)(1)(G); Fed. R. Crim. P. 16 advisory committee's notes, 1993 Amendments ("Although no specific timing requirements are included, it is expected that the parties will make their requests and disclosures in a timely fashion.").

7. Defendant's Pretrial Motion for Disclosure of Results and Reports of Computer Forensic Testing, (ECF No. 25), is **GRANTED** as follows: Defendant seeks the results and reports of any computer forensic testing. The Government indicates it has complied with its requirements by producing said reports and otherwise making them available to Defendant's counsel. Therefore, the Government shall provide, and continue to provide, any reports and results of computer forensic testing. Fed. R. Crim. P. 16(a)(1)(F).

8. Defendant's Motion for Early Disclosure of Jencks Act Material, (ECF No. 26), is **DENIED**, except as follows: Defendant seeks Jencks Act materials at least two weeks prior to trial. The Government has agreed to provide Jencks Act materials two weeks

before trial. "The Jencks Act requires that the prosecutor disclose any statement of a witness in the possession of the United States which relates to the subject testified to by the witness on direct examination." *United States v. Douglas*, 964 F.2d 738, 741 (8th Cir. 1992). "Although the United States need not produce Jencks statements prior to a witness' testimony on direct examination, the United States may agree to early discovery of Jencks material." *Id.* at 741 n.2. Therefore, no later than two weeks before trial, the Court expects the Government to provide Jencks Act materials as agreed so as to prevent delays in trial.

9. All prior consistent orders remain in full force and effect.

10. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel, and/or the party such counsel represents to any and all appropriate remedies, sanctions, and the like.


Date: September 7, 2018              *s/ Tony N. Leung*
                                     Tony N. Leung
                                     United States Magistrate Judge
                                     District of Minnesota

                                     *United States v. Mitchell*
                                     Case No. 18-cr-176 (WMW/TNL)